## Commonwealth, Borough of Bellevue, *v.* Reed, Appellant.

Argued April 20, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*John E. Winner,* with him *Floyd V. Winner,* for appellant.

*Gilbert E. Morcroft,* for appellee.

OPINION BY HIRT, J., July 15, 1949:

This appeal questions the validity of the conviction of the defendant in a summary proceeding for violation of a Zoning Ordinance of the Borough of Bellevue. He was sentenced to pay a fine and costs.

Defendant in 1929 bought a lot, irregular in shape, fronting 13½ feet on Forest Avenue in the borough and extending to an alley in the rear, comprising in all 1⅔ acres of land. The premises are within an area which was zoned as "commercial" under the original Borough Zoning Ordinance in 1940. As amended in September 1941, the ordinance specifically prohibits the use of land within this commercial zone for "Trailer Camps, or the placing on land for occupancy as a place of temporary or permanent residence of trailers, portable or temporary structures, or vehicles" and "Cabins, including any and all structures designed for temporary or transient occupancy as living or sleeping quarters". The 1941 amendment contains the usual provision relating to nonconforming uses, in this language: "The lawful use of

land existing at the time of the adoption of this ordinance (i. e., September 2, 1941), although such use does not conform to the provisions hereof, may be continued, but, if such non-conforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance".

Defendant since 1935 has used the land in his business of selling and repairing automobile house trailers. His business at times is extensive, involving a substantial investment of capital. The information on which this prosecution is based charged a single violation, in effect: that the defendant in June 1948 permitted a husband and wife to occupy a furnished trailer on the premises as a residence in violation of the provisions of the ordinance. At the hearing before the court on the appeal from the summary conviction there was no dispute as to the facts. The trailer involved was a new one which defendant had purchased in April 1948 and had equipped for the purpose of re-sale. The interim use of this trailer as a residence extended over a period of about two months from some time in June 1948. Thereafter the trailer remained vacant on the premises until it was removed to the Ohio River Boulevard about September 1, 1948, from which location the defendant later sold it. Although this prosecution involved a single violation, the defendant in the court below testified that, in addition to a trailer used as a home by his son other trailers on the premises at times were occupied as residences; that the number of trailers so used varied but did not exceed four at any one time; that during 1948 about fifteen different trailers were used on occasion as living quarters but for the most part only for short periods of two or three days while the occupants were arranging for living quarters elsewhere. In addition to the occupancy which inspired this prosecution, only one other family used a trailer for a home for a period as long as two weeks. Defendant's business

included the repair of house trailers brought to his lot for that purpose. When the repairs were extensive, making it necessary for the occupants to vacate, defendant provided another trailer on the premises for their convenience and use as living quarters during the repair period. From the testimony we understand that the fifteen occupancies in 1948, above referred to, include such instances. There were times when for considerable periods there were no trailers on the lot. Defendant also testified that his son had lived in a trailer on the property as his home for a period of about 9 years but that he had moved his trailer from the premises prior to the hearing in the court below, with the intention, however, of returning. We are not called upon in this appeal to decide whether the son's occupancy was a non-conforming use within the exception of the ordinance or, if so, whether the moving of his trailer from the premises was such discontinuance in contemplation of the ordinance as to terminate the right to such use.

We are in entire accord with the theory on which this case was disposed of by the court below, and we agree that in essentials it is ruled by *Yocom Appeal*, 142 Pa. Superior Ct. 165, 15 A. 2d 687. Judge O'CONNOR in his opinion, speaking for the lower court, said: "The defendant testified in this case that he was in the business of sale, renting and repairing house trailers. No where in the testimony does the defendant state that he was in the business of a trailer camp, nor does he testify that he was in the business of renting trailers for residence purposes. The entire sense of the testimony is that the living by people in trailers on defendant's property, with the exception, perhaps, of his son, was purely incidental to the defendant's business of selling new and used trailers and repairing trailers. Renting living quarters was not the defendant's business and there is not even any effort to assert that such was the case. If such incidental use establishes in defend-

ant a valid existent non-conforming use under the law, then defendant could successfully assert a right to use this land *exclusively* for such purposes of living quarters. In *Yocom Appeal,* supra, where the petitioners wanted to use land exclusively for an automobile parking lot where previously a rooming house had been operated for profit, with the parking of cars only incidental thereto, the court held such not to be a legal non-conforming use and at Page 171, the Court added: 'Use of premises primarily for profit for the accommodation of roomers, bears little, if any, relationship to use of all of the same land for a commercial parking business.' The testimony in this case is so convincing that defendant's use at the time of the passage of the ordinance was the sale, renting and repairing of trailers that to permit the use of this trailer in April, May, June, July and August of 1948 for living quarters only would defeat the clearly expressed purpose and intent of the provisions of the zoning law prohibiting such use." All of the circumstances support the findings and conclusions of the court below. Most significant is the fact that the only sewage disposal facility provided was an open sewer with which a trailer could be connected by means of a hose. Obviously, if defendant's business had included the regular renting of house trailers for residence purposes on the premises, more efficient sanitary facilities would have been provided.

This ordinance was an exercise of the police power enacted in the interest of the public health and the appellant does not question its reasonableness as applied to the factual situation presented here. Appellant relies on *Haller Baking Company's Appeal,* 295 Pa. 257, 145 A. 77. Our analysis of the holding of that case in *Yocom Appeal,* supra, p. 170 et seq., is equally applicable here. The *Haller* case has no bearing on the present appeal.

Judgment affirmed.